IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BART SHAHAN,                        CASE NO. 2:08-cv-252
                                                 JUDGE WATSON
               Petitioner,                MAGISTRATE JUDGE ABEL

v.

CLIFFORD SMITH, Warden,

               Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. In this habeas corpus petition, petitioner challenges the trial court's re-imposition an aggregate sentence of twenty-one years incarceration after this Court granted his prior habeas corpus petition on his claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). *See Shahan v. Jeffries*, Case No. 2:06-cv-160 (S.D. Ohio Eastern Division May 14, 2007). It is the position of the respondent that this claim remains unexhausted, and that it is procedurally defaulted and without merit. For the reasons that follow, the Magistrate Judge concludes that petitioner's sole claim for relief is unexhausted and without merit and therefore **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The facts and procedural history of this case are addressed in this Court's prior *Report and Recommendation* involving petitioner's first §2254 petition as follows:

Petitioner was indicted by the January 9, 2004, term of the Franklin County grand jury on eight counts of rape, in violation of O.R.C. § 2907.02. Exhibit A to Return of Writ. While represented by counsel, on July 1, 2004, petitioner pleaded guilty to three counts of rape. Exhibit B to Return of Writ. On August 27, 2004, petitioner was classified as a sexual predator and sentenced to an aggregate term of 21 years incarceration. Exhibit C to Return of Writ. Petitioner never filed a timely appeal; however, on February 3, 2005, he filed a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A). As cause for his untimely filing, petitioner asserted that his attorney told him he did not have the right to appeal, and that he did not have the funds or legal materials necessary to file a timely appeal. Exhibit D to Return of Writ. On January 27, 2004, the appellate court denied petitioner's motion for delayed appeal. Exhibit F to Return of Writ. Petitioner failed to timely appeal the appellate court's decision to the Ohio Supreme Court. Instead, petitioner filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a), which motion was granted on August 10, 2005. Exhibits G and H to Return of Writ. Petitioner asserted the following propositions of law:

1. A criminal defendant has the right to a delayed appeal under App.R. 5(A), when that defendant demonstrated that due to mistake or inadvertence that he could not perfect a timely appeal due to his introduction to the Ohio prison system, a system that did not allow him access to competent counsel, to the courts or a law library for over 120 days due to various transports between prisons before arriving at his permanent prison.

2. A criminal defendant has the right to a delayed appeal under App.R. 5(A), the Ohio Constitution Art. 4 Sect. 3 and 4 and the United States Constitution Amendment 1, when that defendant demonstrates due to mistake or inadvertence that he could not perfect a timely appeal due to his introduction to the Ohio prison system after sentencing, a system that did not allow him access to meaningful funds for postage and copying due to his account being unstable by the prisons'

intermittent transporting of the defendant from one prison to the next while not affording access to the courts, counsel, or a law library.

3. When a trial court abuses its discretion and errs in sentencing a defendant by not enumerating the statutes properly, applying consecutive sentences against the Ohio Revised Code thereby violating R.C. § 2929.14 and § 2929.12 by giving the defendant a sentence well beyond the maximum statutorily defined penalties, and violated the new Supreme Court ruling concerning *Blakely v. Washington,* 124 S.Ct. 2531, and *U.S. v. Booker,* 125 S.Ct. 738, relying on *Apprendi v. New Jersey,* 120 S.Ct. 2348, concerning using factors outside of the record when sentencing that must be determined by a jury, and also, the judge in this case did violate the new Supreme Court ruling concerning the use of any prior convictions used to enhance a sentence under *U.S. v. Shepard,* 125 S.Ct. 1254.

Exhibit I to Return of Writ. On December 14, 2005, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit K to Return of Writ.

On February 15, 2006, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

1. Denial of right to appeal.

The defendant/appellant was denied the right to appeal his sentence because of the Ohio Department of Rehabilitation and Corrections' denial of access to a law library, funds for postage to mail notice of appeal and subsequent filings related to same, and denial of access to counsel and after the defendant/appellant brought a motion in App.R. 5 was denied appeal [sic].

2. Denial of right to access to the courts or a law library.

The Department of Rehabilitation and Corrections transported this defendant to Madison Corrections where he was oriented because of the sexual nature of his charges, at Madison Corr. The defendant was denied access to the law library, the only day he could go to the law library was Wednesday and after arriving at the law library the defendant was told that Wednesday was reserved for Cadre Inmates and youth offenders, foreclosing this inmate/ defendant's right to access to a law library/the courts.

3. Due Process/Equal Protection.

While the defendant/appellant was transported between prisons he was never given an institutional job so he would have the funds to copy and prepare legal mailings or the funds to mail legal mailings out to the courts, thereby denying the defendant/appellant his right to appeal his sentence under App.R. 4 and 5.

4. Denial of right to a jury determining the findings of fact that increase a defendant's sentence when the defendant does not proffer facts, and facts are not included in the indictment to increase said sentence beyond the statutory maximum allowed.

5. Denial of due process in sentencing by the trial court's not adhering to the Ohio Revised Code concerning consecutive sentences. 6. Denial of right to a jury to determine findings of fact that increased the defendant's sentence beyond the statutory maximum under Ohio Revised Code, the court incorrectly used the preponderance of evidence standard when a jury should have been left to determine findings of fact under the beyond a reasonable doubt evidence standard, when that court is considering consecutive sentences and those consecutive sentences must be supported by findings of fact under Ohio Revised Code § 2929.41 and 2929.14(E).

7. Denial of effective assistance of trial counsel by counsel's failing to object to the defendant's constitutionally invalid sentence, and counsel's failure to move the trial court to suppress an invalid and coerced confession.

*See Shahan v. Jeffries*, 2006 WL 2849787 (S.D. Ohio, Eastern Division October 3, 2006). On December 11, 2006, the Court dismissed all of petitioner's habeas corpus claims except his claim that his sentence violated *Blakely*, on which claim the Court conditionally granted the petition for a writ of habeas corpus, vacating petitioner's sentence and remanding the case to the trial court for re-sentencing. *See Shahan v. Jeffries*, 2007 WL 1432042 (S.D. Ohio, Eastern Division May 14, 2007). On June 14, 2007, the state trial court again re-sentenced petitioner to three consecutive terms of seven years incarceration, for an aggregate term of twenty-one years. *Exhibit 15 to Return of Writ*. On July 18, 2007, petitioner filed a *pro se* notice of appeal and motion for appeal. *Exhibits 15 and 17 to Return of Writ*. On August 21, 2007, through counsel, petitioner filed a notice of appeal and motion for delayed appeal. *Exhibits 18 and 19 to Return of Writ*. On September 20 2007, the appellate court denied the State's motion to consolidate the appeals, dismissed petitioner's *pro se* appeal as untimely, and denied his motion for delayed appeal. *Exhibits 22-24 to Return of Writ*. Still represented by counsel, on October 16, 2007, petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) in which he asserted the ineffective assistance of appellate counsel. *Exhibit 25 to Return of Writ*. On January 15, 2008, the appellate court denied petitioner's Rule 26(B) application. *Exhibit 27 to Return of Writ.* Petitioner apparently did not file an appeal of the appellate court's decision to the Ohio Supreme Court. On October 22, 2007, he filed an appeal of the appellate court's dismissal of his *pro se* notice of appeal to

5

the Ohio Supreme Court. *Exhibit 29 to Return of Writ*. On January 23, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 32 to Return of Writ*.

On March 14, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> The trial and appellate courts erred to the prejudice of appellant by resentencing him to a non-minimum sentence pursuant to the "remedy" found in *State v. Foster*, which violates appellant's due process, and Sixth Amendment rights, and is plain error. The "remedy" cannot be applied to appellant due [to its violation of the Ex Post Facto doctrine and separation of powers doctrine of the U.S. and Ohio Constitutions.

It is the position of the respondent that this claim is unexhausted, procedurally defaulted and, alternatively, that it is without merit.

**EXHAUSTION**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v.*

*Boerckel,* 526 U.S. 838 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

According to respondent, this action remains unexhausted because petitioner has never filed an appeal of the appellate court's denial of his motion for delayed appeal to the Ohio Supreme Court and he may still do so under Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a). *See Return of Writ,* at 16 n.1. Instead, petitioner filed an appeal referring solely to the appellate court's denial of his *pro se* notice of appeal in Case Number 07AP-573 – which action the appellate court dismissed as untimely, stating that it therefore was without jurisdiction to entertain the appeal, and could not construe his "motion for appeal" as a motion for leave to appeal pursuant to Ohio Appellate Rule 5(A). *See Exhibit 23 to Return of Writ.* The appellate court denied petitioner's motion for delayed appeal in Case Number 07AP-668, explicitly rejecting the State's request to consolidate the appeals ("We... have chosen instead to issue a separate decision that sua sponte dismissed as untimely appellant's appeal in case No. 07AP-573"), *see Exhibit 24 to Return of Writ*, as follows:

> In seeking leave to appeal, appellant asserts:
>
> [A]ppellant had initially proceeded with this appeal Pro Se. Due to unfamiliarity with the appropriate avenues and procedures within the criminal justice system, [appellant] filed his original Notice of Appeal on July 18, 2007, three (3) days past the expiration of the provided time period. [Appellant mistakenly filed his untimely Notice of Appeal under Ohio App.R. 4, as an Appeal by Right. The Notice of

7

> Appeal should have been filed along with a Motion to
> Appeal by Leave of Court under Ohio App.R. 5.
>
> However, we recognize that appellant has previously liti-
> gated a motion for delayed appeal.... therefore, appellant's
> litigation history contradicts any claim that he was unfamil-
> ilar with the appropriate procedures to perfect an appeal.
> As such, we reject appellant's contentions and conclude that
> appellant has not provided a reasonable explanation for his
> failure to perfect a timely appeal.
>
> Accordingly, we deny appellant's App.R. 5(A) motion for
> leave to file delayed appeal.

*Exhibit 24 to Return of Writ.* Petitioner's notice of appeal filed with the Ohio Supreme Court indicates that he was appealing the appellate court's September 20, 2007, decision denying his untimely *pro se* notice of appeal in Case Number 07AP-573; not his motion for delayed appeal in Case Number 07AP-668, although petitioner did indicate that he was appealing the appellate court's denial of his motion under Ohio Appellate Rule 5(A). *See Exhibit 28 to Return of Writ.* Therefore, it appears that petitioner may still pursue a delayed appeal of the appellate court's denial of his motion for delayed appeal pursuant to Ohio Appellate Rule 5(A) in Case Number 07AP-668, and that this action therefore remains unexhausted. Nonetheless, the record reflects that petitioner's sole claim for relief is, in any event, without merit. *See* 28 U.S.C. §2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

Petitioner asserts that the trial court's imposition of consecutive sentences after the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006), excising

provisions of Ohio's sentencing statutes that required judicial fact finding as unconstitutional under *Blakely*, violated the Sixth Amendment, the Ex Post Facto Clause, and Separation of Powers doctrine. This Court, however, agrees with other Courts that have rejected this same claim:

> Article I, § 10 of the United States Constitution provides that no state shall pass ex post facto laws. U.S. Const, Art. I, § 10. The Constitution's bar against ex post facto laws, however, does not apply to courts:
>
> > The Ex Post Facto Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process ... would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decision making, on the other.
>
> *Rogers v. Tennessee*, 532 U.S. 451, 460, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001).
>
> Although the Ex Post Facto Clause does not apply to courts, "limitations on ex post facto judicial decision making are inherent in the notion of due process." *Id.* at 456. In particular, the Supreme Court has found that courts may not unexpectedly and indefensibly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction. *See Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). The Supreme Court has explicitly declined to apply all the protections of the Ex Post Facto Clause to courts by way of the due process clause:
>
> > To the extent petitioner argues that the Due Process Clause incorporates the specific prohibitions of the Ex Post Facto Clause ... peti-

tioner misreads Bouie. [N]owhere in the opinion did we go so far as to incorporate jot-for-jot the specific categories of [protection in the Ex Post Facto Clause] into due process limitations on the retroactive application of judicial decisions.

Nor have any of our subsequent decisions addressing *Bouie*-type claims interpreted *Bouie* as extending so far. Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie's* check on retroactive judicial decision making not by reference to the ex post facto categories [of protection], but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated.

Petitioner observes that the Due Process and Ex Post Facto Clauses safeguard common interests-in particular, the interests in fundamental fairness (through notice and fair warning) and the prevention of the arbitrary and vindictive use of the laws. While this is undoubtedly correct, petitioner is mistaken to suggest that these considerations compel extending the strictures of the Ex Post Facto Clause to the context of common law judging.... Moreover, "[g]iven the divergent pulls of flexibility and precedent in our case law system," incorporation of the [categories of protection in the Ex Post Facto Clause] into due process limitations on judicial decision making would place an unworkable and unacceptable restraint on normal judicial processes and would be incompatible with the resolution of uncertainty that marks any evolving legal system.

*Id*. at 458-461 (citations omitted).

> The Supreme Court has never held that the retroactive application of a judicial reconstruction of a statute that results in the loss of a presumption of a minimum sentence within a sentencing range violates the Ex Post Facto Clause or the due process clause of the United States Constitution.

*Pitts v. Warden*, 2008 WL 4758697 (N.D. Ohio October 29, 2008) (footnote omitted).

> Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender."

> *Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (quoting *Calder v. Bull*, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798) (Chase, J.)); see also U.S. Constit. Art. I, § 10. As petitioner apparently concedes ( see Doc. 14, p. 11), Ex Post Facto Clause concerns are not triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh*, No. 1:07cv1408, 2008 WL 320763, at *10 (N.D. Ohio Feb.1, 2008) (unpublished); see also Rogers, 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

> Nevertheless, the Fourteenth Amendment's Due Process Clause does limit ex post facto judicial decision-making. *Rogers,* 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foresee-ability, and, in particular, the right to fair warning as those

> concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia*, 378 U.S. 347, 351, 352, 354-55, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)); *see also United States v. Barton*, 455 F.3d 649, 654 (6th Cir.) ("when addressing ex post facto-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), *cert. denied*, 549 U.S. 1087, 127 S.Ct. 748, 166 L.Ed.2d 579 (2006).
>
> Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning," because *Blakely*, *Booker,* and *Foster* did not change the elements necessary to convict petitioner ... and petitioner was aware of the potential penalties he faced ... [B]oth before and after *Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties.

*Hooks v. Sheets*, 2008 WL 4533693 (S.D. Ohio October 3, 2008); *Allen v. Hudson*, 2009 WL 1212473 (N.D. Ohio June 10, 2009); *Woody v. Welch*, 2009 WL 1440828 (N.D. Ohio May 20, 2009); *Allen v. Hudson*, 2009 WL 1649312 (N.D. Ohio June 10, 2009); *see also Smith v. Wilson*, 2008 WL 4758696 (N.D.Ohio October 29, 2008).

Petitioner's claim that the application of *Foster* violated the doctrine of separation of powers between the judicial and legislative branches likewise fails.

> Such arguments about the structure of a state's governance are matters for the individual states, not for the federal government. The only structural requirement imposed on the states by the Constitution is that each state shall have a republican form of government. Art. IV, § 4. All else, consistent with the federal rights guaranteed a state's citizens, is a matter for the individual states.

*McKitrick v. Smith*, 2009 WL 1067321 *9 n.4 (N.D. Ohio April 21, 2009); *see also Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000)(claim that trial court's sentence violates separa-

12

tion of powers presents an issue of state law not cognizable for federal habeas review: *Harris v. Wilson,* 2006 WL 3803410 (N.D. Ohio December 26, 2006)(claim that Ohio parole board violated doctrine of separation of powers by determining earliest release date constitutes an issue of state law that not appropriate for federal habeas corpus review).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the

decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                       <u>s/Mark R. Abel</u>
                                                                       United States Magistrate